# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

TYRONE A. MILES,                                    :
                                                   :
                    Petitioner,                    :
                                                   :
        v.                                         :        Civ. Act. No. 14-102-LPS
                                                   :
DAVID PIERCE, Warden, and                          :
ATTORNEY GENERAL OF THE                            :
STATE OF DELAWARE,                                 :
                                                   :
                    Respondents.                   :

---

Herbert Weiswasser Mondros, Esquire.  Attorney for Petitioner.

Karen V. Sullivan, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware.  Attorney for Respondents.

---

## MEMORANDUM OPINION

March 31, 2017
Wilmington, Delaware

*Leonard P. A...*

1

**STARK, U.S. District Judge:**

## I.   INTRODUCTION

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28

U.S.C. § 2254 ("Petition") filed by Petitioner Tyrone A. Miles ("Petitioner"). (D.I. 1)  The State has

filed an Answer in Opposition. (D.I. 11)  For the reasons discussed, the Court will dismiss the

Petition as time-barred by the limitations period prescribed in 28 U.S.C. § 2244.

## II.   BACKGROUND

In November 2007, Petitioner was indicted on charges of attempted first degree murder,

first degree robbery, two counts of possession of a firearm during the commission of a felony

("PFDCF"), and possession of a firearm by a person prohibited ("PFBPP"). *See Miles v. State*, 985

A.2d 390 (Table), 2009 WL 4114385 (Del. Nov. 23, 2009).  These charges stemmed from

Petitioner's robbery and shooting of a convenience store clerk in Dover, Delaware. *Id.* at *1.

Petitioner entered a guilty plea to the charges on July 22, 2008, which he withdrew on September 22,

2008.  (D.I. 11 at 3)  In December 2008, Petitioner filed a motion to suppress his police statement.

The Delaware Superior Court denied the suppression motion after a hearing, and granted severance

of the PFBPP charge in February 2009. *Id.*

On February 12, 2009, a Delaware Superior Court jury convicted Petitioner of attempted

first degree murder and PFDCF; the jury found him not guilty of first degree robbery and the

associated PFDCF. (D.I. 11 at 3)  On April 16, 2009, the Superior Court sentenced Petitioner to life

in prison plus five years at Level V. *Id.*  Petitioner appealed, and the Delaware Supreme Court

affirmed his convictions on November 23, 2009. *See Miles*, 2009 WL 4114385, at *3.

On November 5, 2010, Petitioner filed his first motion for post-conviction relief pursuant to

Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 13 at 464)  The Superior

2

Court denied the Rule 61 motion as procedurally barred and meritless on November 10, 2011. *See State v. Miles*, 2011 WL 7144238 (Del. Super. Ct. Nov. 10, 2011). The Delaware Supreme Court affirmed that decision on February 22, 2012. *See Miles v. State*, 38 A.3d 1255 (Table), 2012 WL 589281 (Del. Feb. 22, 2012).

Petitioner filed his second Rule 61 motion on April 5, 2012 (D.I. 13 at 466), which the Superior Court denied as time-barred under Rule 61(i)(1) on December 12, 2012 (D.I. 13 at 491-504). Petitioner appealed, and the Delaware Supreme Court dismissed the appeal as untimely on January 28, 2013. *See Miles v. State*, 61 A.3d 1618 (Table), 2013 WL 324114 (Del. Jan. 28, 2013).

Represented by counsel, Petitioner filed the instant § 2254 Petition in January 2014. (D.I. 1) The Petition asserts three grounds for relief: (1) defense counsel provided ineffective assistance by stipulating to the admission of a fingerprint report and allowing a second fingerprint examiner to verify the report; (2) Petitioner's Fifth Amendment rights were violated when he was not provided *Miranda* warnings prior to the second statement Petitioner made to police Detective Richardson; and (3) Petitioner's Fifth Amendment rights were violated when the videotaped police statement was played for the jury. (D.I. 1 at 5-6) The State filed an Answer, asserting that the Petition should be dismissed as time-barred or, alternatively, because the claims asserted therein are procedurally barred or meritless. (D.I. 11)

## III.   **STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996. 28 U.S.C. § 2244(d)(1). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

## IV.    DISCUSSION

Petitioner's § 2254 Petition, filed in 2014, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Given these circumstances, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed Petitioner's convictions on November 23, 2009, and he did not seek certiorari review. Consequently, Petitioner's

4

convictions became final on February 22, 2010. Applying the one-year limitations period to that

date, Petitioner had until February 22, 2011 to timely file his Petition. *See Wilson v. Beard*, 426 F.3d

653 (3d Cir. 2005) (holding that former Federal Rule of Civil Procedure 6(a) and (e) applies to

federal habeas petitions); Fed. R. Civ. P. 6(a)(1) (providing that day of event that triggers period is

excluded when computing time periods). Petitioner, however, waited until January 26, 2014[1] to file

the Petition, almost three full years after the expiration of the limitations period. Thus, his habeas

Petition is untimely, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195

F.3d at 158. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's

limitations period during the time the action is pending in the state courts, including any post-

conviction appeals, provided that the motion was filed and pending before the expiration of

AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor*,

2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). A post-conviction motion that is untimely under

state law is not properly filed for § 2244(d)(2) purposes and, therefore, has no statutory tolling effect.

*See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

Here, Petitioner filed his first Rule 61 motion on November 5, 2010. The Superior Court

denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision on February 22,

2012. As such, the Rule 61 motion tolled the limitations period from November 5, 2010 through

February 22, 2012.

---

[1]It appears as though Petitioner's attorney filed the Petition in person. Therefore, the Court adopts
the date on the civil cover sheet (January 26, 2014) as the date of filing.

5

When Petitioner filed his Rule 61 motion on November 5, 2012, 256 days of AEDPA's limitations period had already expired. The limitations clock started to run again on February 23, 2012, and ran the remaining 109 days without interruption until the limitations period expired on June 11, 2012. Contrary to Petitioner's contention, the second Rule 61 motion that he filed on April 5, 2012 has no statutory tolling effect because the Superior Court's denial of the motion as untimely means that it does not qualify as a properly filed post-conviction motion for § 2244(d)(2) purposes. Consequently, the Petition is time-barred, unless equitable tolling is applicable.

### B. Equitable Tolling

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *See Holland,* 560 U.S. at 645. A petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing;"[2] mere excusable neglect is insufficient. *Schlueter v. Varner,* 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited the equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones,* 195 F.3d at 159; *Thomas v. Snyder,* 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Petitioner does not assert, and the Court cannot discern, that any extraordinary circumstances prevented him from filing the instant Petition in a timely manner. Petitioner also

---

[2]*Holland,* 560 U.S. at 648.

6

cannot demonstrate that he exercised reasonable diligence in pursuing his claims, because he waited almost a full two years after the denial of his first Rule 61 motion to file the instant Petition. To the extent Petitioner's untimely filing of the Petition was due to a mistake regarding statutory tolling or the result of a miscalculation regarding the one-year filing period, such factors do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Thus, the Court concludes that the equitable tolling doctrine does not apply in this case. Accordingly, the Court will dismiss the Petition as untimely.[3]

## V.      CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas Petition does not warrant relief because it is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## VI.      CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.

---

[3]Having determined that the Petition is time-barred, the Court will not address the State's other reasons for dismissal.